Certain facts were found by the court, which may be summarized as follows:
1. That the defendant is a corporation existing under the laws of North Carolina, owning real estate in Edgecombe, Pitt, and Greene counties, in said State, and owning personal property of little value, if any.
2. That the defendant is indebted to the plaintiff by virtue of a bank stock assessment in the sum of $9,060, a transcript of which judgment appears of record. *Page 858 
3. The plaintiff claims that the defendant is further indebted in the sum of $17,097 on account of a guarantee of the assets of the First National Bank of Tarboro.
4. The defendant is indebted to the plaintiff by virtue of a bank stock assessment in the sum of $14,300 on behalf of the Pinetops Banking Company.
5. That at the April Term, 1934, of the Edgecombe Superior Court, an order was entered authorizing the liquidating agent to accept an offer of Henry Clark Bridgers for the purchase of the judgment in favor of Pinetops Banking Company, said Bridgers being a stockholder and president of the defendant.
6. That the plaintiff caused execution to issue on its judgment and the property was sold on 9 April, 1934, and the plaintiff became the highest bidder for said property for the sum of $5,000, but said sale has not been closed.
7. That at an execution sale held 4 June, 1934, under an execution issued on a judgment in favor of the Pinetops Banking Company, Henry Clark Bridgers became the last and highest bidder for substantially all of the property of defendant for the sum of $14,000, and the said Henry Clark Bridgers is president of the defendant company.
8. That the defendant is engaged entirely in the business of owning and renting real estate and owned certain shares of stock which are of no substantial value, and for lack of funds has permitted the major portion of its property to be sold for taxes; that said corporation is unable to meet its obligations and is insolvent or in imminent danger of insolvency.
9. That the defendant is delinquent in payment of county and municipal taxes for two years, and now owes past-due taxes in the sum of approximately $2,000.
Upon the foregoing facts the trial judge appointed a receiver for the defendant corporation and restrained the sale of the property under execution on 4 June, 1934.
From the foregoing judgment the defendant appealed.
There was sufficient evidence to warrant the findings of fact made by the trial judge and such findings support the judgment rendered.
Affirmed. *Page 859